# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERESA K. DAY,<br>                    Appellant, | DOCKET NUMBER<br>DA-0841-15-0596-C-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DATE: November 21, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James R. Hefflin, Newport Beach, California, for the appellant.

Tynika Faison Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2        In 2009, the Office of Personnel Management (OPM) approved the appellant's application for disability retirement under the Federal Employees' Retirement System (FERS). *Day v. Office of Personnel Management*, MSPB Docket No. DA-0841-15-0596-I-1, Initial Appeal File (IAF), Tab 6 at 6-8, Tab 13 at 9. The appellant elected to receive compensation from the Office of Workers' Compensation Programs (OWCP) in lieu of her FERS annuity payments. IAF, Tab 13 at 5-8. In March and August 2015, she requested that OPM convert her election to FERS. IAF, Tab 6 at 9-16. After OPM apparently did not acknowledge her requests, she filed an initial appeal alleging that OPM was constructively denying her FERS disability retirement benefits. IAF, Tab 1.

¶3        During the telephonic hearing, the parties reached a settlement agreement. IAF, Tab 19, Hearing Compact Disc (Oral Settlement Agreement). The administrative judge recited and entered into the record the following agreement: (1) the appellant's election of FERS disability retirement benefits was to be effective January 1, 2016; (2) OPM was to "take action appropriate to begin the

FERS benefit" by the effective date; and (3) any OWCP benefits that the appellant received after the effective date constituted an overpayment. *Id.* The administrative judge issued an initial decision finding that the Board had jurisdiction over the appeal and the settlement agreement was legally enforceable, and dismissing the disability retirement appeal as settled. IAF, Tab 20, Initial Decision (ID) at 1-3.

¶4 Less than a week after the initial decision became final, the appellant filed a petition for enforcement. ID at 4; Compliance File (CF), Tab 1. The appellant alleged that OPM had materially breached the settlement agreement by denying her payment of her previously determined monthly annuity of $1,740, by placing her in interim pay status, and by requiring her to complete additional paperwork before reinstating her full annuity. CF, Tab 1, Tab 5 at 1-2, Tab 9 at 1-3. OPM asserted that the appellant's 2008 application was incomplete and that it needed the missing information to finalize her FERS annuity benefit. CF, Tab 4 at 4, 8-14.

¶5 The administrative judge issued a compliance initial decision denying the petition for enforcement. CF, Tab 13, Compliance Initial Decision (CID) at 1. She found that the settlement agreement did not encompass the calculation of the appellant's annuity, as OPM had not issued a final decision on that issue. CID at 3. She also found that the agreement did not preclude OPM from placing the appellant in interim pay status or requiring additional information to finalize her application and annuity calculation. CID 4-5. The administrative judge therefore found that OPM had complied with the settlement agreement. *Id.*

¶6 The appellant filed a 2-sentence petition for review alleging only that the "appeal was wrongly decided based on the evidence that is already in the record."

Compliance Petition for Review (CPFR) File, Tab 1 at 1. OPM filed an untimely response.[2] CPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    A petition for review must state a party's objections to the initial decision, including the party's legal and factual arguments, and it must be supported by specific references to the record and any applicable laws or regulations. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 6 (2015), *aff'd per curiam*, 640 F. App'x 864 (Fed. Cir. 2016); 5 C.F.R. § 1201.114(b). The appellant's bare assertion of error does not satisfy these requirements. Nonetheless, we have reviewed the parties' submissions below, and we find that the administrative judge properly denied the appellant's petition for enforcement.

¶8    The Board has the authority to enforce an oral or a written settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd per curiam*, 420 F. App'x 980 (Fed. Cir. 2011); *Brown v. Department of the Navy*, 60 M.S.P.R. 461, 462 (1994). When an appellant alleges noncompliance with a settlement agreement, the agency must produce relevant, material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Allen*, 112 M.S.P.R. 659, ¶ 7. The ultimate burden, however, remains with the appellant to prove material breach by a preponderance of the evidence. *Id.*

¶9    We agree with the administrative judge that the appellant has not proven that OPM materially breached the settlement agreement. A settlement is a contract, and as such, it will be enforced in accordance with contract law. *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶ 9 (2001). In interpreting a

---

[2]   We have considered OPM's untimely response and determined that the argument therein does not address the merits of the appellant's petition. Rather, OPM asserts that its finalizing the calculation of the appellant's annuity has been delayed by her multiple filings. CPFR File, Tab 4.

contract, the Board first looks to its terms to determine the parties' intent at the time they entered into it. *Id.* Extrinsic evidence of intent should be considered only if the terms are ambiguous. *Id.* The terms of a contract are ambiguous if it is susceptible to differing, reasonable interpretations. *Id.*

¶10      The appellant essentially argued below that the settlement agreement required OPM to initiate the previously determined monthly annuity payments of $1,740, without further analyzing her application or conducting additional annuity computations. CF, Tab 5 at 1-2, Tab 9 at 1-3. However, the agreement is devoid of any term identifying the specific annuity amount to which the appellant is entitled or prohibiting OPM from taking other actions to ensure the proper calculation of her annuity payments.

¶11      The agreement's silence as to the annuity amount or the steps that OPM must take does not necessarily render it ambiguous. *See Landrith v. Office of Personnel Management*, 99 M.S.P.R. 76, ¶ 8 (2005) (finding that a divorce decree was silent, not ambiguous, as to the specific amount of survivor annuity benefit awarded). Rather, it is presumed that the parties are aware of the applicable retirement statutes and regulations and intend to incorporate them. *Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶ 39 n.4 (2010). As such, the administrative judge correctly interpreted the agreement as permitting OPM to follow its administrative process to ensure that the appellant is awarded the monthly annuity amount to which she is entitled by law. In the absence of a reasonable, alternative interpretation, we find that the settlement agreement is unambiguous and that we need not consider extrinsic evidence of the parties' intent. *See Sweet*, 89 M.S.P.R. 28, ¶ 9.

¶12      As permitted by the settlement agreement, OPM demonstrated that it recognized the appellant's FERS disability retirement election, placed her in an interim pay status, attempted to obtain additional information to complete her application, and was in the process of finalizing her FERS disability retirement annuity payment. CF, Tab 4 at 4-14. Upon consideration of this argument and

evidence, we discern no error with the administrative judge's finding that OPM complied with its obligations under the settlement agreement.

¶13     Accordingly, we find that the appellant has not met her burden to show that OPM materially breached the settlement agreement, and we affirm the administrative judge's decision to deny the petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.