**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TONEISHA M. BASIL,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-21-0633-W-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DATE: March 23, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Toneisha M. Basil, Washington, D.C., pro se.

Jacob Smith, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED regarding the basis for concluding the Board lacks jurisdiction over the appeal, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant is employed as a GS-9 Government Information Specialist with the agency's Security Programs and Information Management Branch within its Marine Corps' Freedom of Information Act (FOIA) and Privacy Programs. Initial Appeal File (IAF), Tab 4 at 94. According to the appellant, in September and October 2020, she questioned her first-level supervisor, who was the Freedom of Information Act/Privacy Act (FOIA/PA) Programs Manager, as well as other agency officials, about whether FOIA exemptions were being misapplied. *Id*. at 5-11, 22, 27-28, 97-104. Around October 2020, the appellant also allegedly disclosed that her first-level supervisor was harassing her and acting dismissively toward her. *Id*. at 95, 105-09, 213; Petition for Review (PFR) File, Tab 1 at 26.[3] Lastly, she allegedly disclosed that "improprieties were

---

[3] On review, the appellant submits a copy of the preliminary determination letter from the Office of Special Counsel (OSC) that was not part of the record below. PFR File,

occurring regarding lunch breaks and related break policy interpretations." PFR File, Tab 1 at 26.

¶3  According to the appellant, as a result of these disclosures, she was subjected to retaliation, including an October 20, 2020 letter of caution, an October 2020 security investigation, a November 23, 2020 letter of reprimand, a January 2021 revocation of her swipe access to enter her work space, and a hostile work environment.  IAF, Tab 4 at 11, 15, 19-20, 52, 94-96, 149-51, 198-203; PFR File, Tab 1 at 26-27.

¶4  The appellant filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC).  IAF, Tab 4 at 249.  OSC issued her a final determination letter in July 2021, closing out its investigation into her complaint.  *Id*. at 249-50. The appellant, acting pro se, filed this IRA appeal with the Board.  IAF, Tab 1 at 1, 4.  The administrative judge issued an order setting forth the appellant's burden to establish jurisdiction over her IRA appeal, to which the appellant responded.  IAF, Tab 3, Tab 4 at 4-24.

¶5  Following the appellant's jurisdictional response, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction.  IAF, Tab 5, Initial Decision (ID) at 1, 10.  She did not make findings regarding the appellant's alleged disclosures.  ID at 7 n.2, 10 n.3.  Instead, she found that the Board lacks jurisdiction over the alleged personnel actions.  She determined that the appellant exhausted her administrative remedies before OSC concerning the letter of caution, security investigation, and letter of reprimand.  ID at 6-7.  She also implicitly found that the appellant exhausted her OSC remedy regarding an

Tab 1 at 26-28.  Generally, the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Even though this document was available before the close of record, the issue of jurisdiction is always before the Board and may be raised at any time.  *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd per curiam*, 640 F. App'x 864 (Fed. Cir. 2016).  Thus, we will consider the OSC letter here to the extent it impacts the Board's jurisdiction over this appeal.

alleged hostile work environment. ID at 7 & n.2. However, she found that the letter of caution and security inquiry did not amount to personnel actions over which the Board could exercise IRA jurisdiction. ID at 8-10. She also concluded that the Board lacks jurisdiction over the appellant's letter of reprimand because she elected to file a grievance before filing an IRA appeal. ID at 7-8, 10. As to the alleged hostile work environment, the administrative judge reasoned that the appellant's allegations were too conclusory, vague, or unsupported to amount to a nonfrivolous allegation of a personnel action. ID at 7 n.2.

¶6     The appellant has filed a petition for review of the initial decision. PFR File, Tab 1.[4] The agency has responded to the appellant's petition. PFR File, Tab 3. The appellant has replied to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence that she exhausted her remedies before OSC and make nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in

---

[4] On review, the appellant also resubmitted documentation that was already part of the record below. *E.g.*, *compare* IAF, Tab 4 at 249-50, *with* PFR File, Tab 1 at 29-30; *compare* IAF, Tab 3, *with* PFR File, Tab 1 at 31-39. Evidence that is already part of the record is not new evidence that warrants granting review. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); *see* 5 C.F.R. § 1201.115(d) (identifying new and material evidence as a basis on which the Board may, in appropriate circumstances, grant review). In any event, we have considered all of the evidence in the record that relates to the Board's jurisdiction, regardless of when it was submitted. *See Stoglin*, 123 M.S.P.R. 163, ¶ 7.

the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).

¶8 The parties do not dispute the administrative judge's findings regarding exhaustion, and we discern no basis to disturb them here.[5] ID at 6-7 & n.2; IAF, Tab 4 at 249-50. We agree with the administrative judge's conclusion that the appellant failed to establish Board jurisdiction. However, we disagree with her finding that the appellant's administrative grievance of her letter of reprimand divested the Board of jurisdiction over that personnel action. Instead, as discussed below, we conclude that the Board lacks jurisdiction over the instant appeal because the appellant failed to nonfrivolously allege that she made a protected disclosure.

The administrative judge erred in finding the appellant failed to nonfrivolously allege that she suffered a personnel action.

¶9 Although not directly addressed by the administrative judge, we find that the appellant nonfrivolously alleged that her letter of reprimand is a personnel action. IAF, Tab 4 at 149-51; *see Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶ 18 (2007) (stating that a letter of reprimand is a personnel action). The appellant's supervisor indicated that the letter was considered "a first offense should subsequent discipline need to be imposed" and it would remain in the appellant's Official Personnel File for 2 years.[6] IAF, Tab 4 at 150-51. The administrative judge determined that the Board lacks jurisdiction over the reprimand because the appellant elected to grieve it. ID at 7-8. The appellant disagrees, arguing that her grievance was not filed pursuant to a

[5] To the extent the appellant argues on review that the administrative judge improperly found she failed to exhaust her OSC remedy, she is mistaken. PFR File, Tab 1 at 4-6.

[6] The 2-year period was later reduced to 6 months during the administrative grievance process. IAF, Tab 4 at 204-06.

negotiated grievance process and, therefore, it did not preclude Board jurisdiction.  PFR File, Tab 1 at 6-7.  We agree with the appellant.

¶10   Under 5 U.S.C. § 7121(g), an individual who is covered by a collective bargaining agreement and who believes that she has suffered reprisal for making protected disclosures may elect not more than one of the following three remedies:  (1) a direct appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) the procedures for seeking corrective action from OSC followed by an IRA appeal. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 12 (2015); *Shannon v. Department of Homeland Security*, 100 M.S.P.R. 629, ¶ 15 (2005).  Whichever remedy is sought first is deemed an election of that procedure and precludes pursuing the matter in either of the other two fora.  *Sherman*, 122 M.S.P.R. 644, ¶ 12.

¶11   In the instant appeal, the appellant sought to "challenge the OSC's determination dated . . . July 31, 2021."  IAF, Tab 1 at 4.  Thus, she did not file a direct appeal with the Board.  In any event, she has not alleged she suffered an appealable action that might be the subject of a Board appeal under 5 U.S.C. § 7701.  Thus, even if she had filed a direct appeal, it would not be a binding election to pursue that option.  *See Shannon*, 100 M.S.P.R. 629, ¶ 17 (determining that if an appellant elects to directly appeal a matter to the Board over which it does not have appellate jurisdiction, such an appeal is not a binding election of remedy).  The remaining election options are filing either a grievance or an OSC complaint followed by a Board appeal.

¶12   Here, the appellant filed an administrative grievance over her letter of reprimand, which was governed by Civilian Marine Corps Order 12771.3, Civilian Marine Administrative Grievance System (MCO 12771.3) (Mar. 28,

2013).[7]   IAF, Tab 4 at 149-51, 204.   This internal grievance process does not cover matters that can be raised through a negotiated grievance procedure. MCO 12771.3 at 2.   There is also no indication in the record that the appellant is covered by a collective bargaining agreement.   Thus, by filing the administrative grievance, the appellant did not elect a remedy pursuant to 5 U.S.C. § 7121(g) that would preclude Board jurisdiction over this appeal.   *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 3 n.1 (2011) (finding that the fact that the appellant filed grievances of personnel actions did not preclude Board IRA jurisdiction over those actions when the grievances were not filed pursuant to a collective bargaining agreement); *Garrison v. Department of Defense*, 101 M.S.P.R. 229, ¶ 16 (2006) (same).   Thus, we disagree with the administrative judge that the appellant's grievance divests the Board of jurisdiction over the letter of reprimand.   The appellant met her jurisdictional burden as to this personnel action.

¶13      The appellant has also raised challenges to the administrative judge's findings that the appellant failed to nonfrivolously allege that she suffered personnel actions when she received a letter of caution and was subjected to an investigation.   PFR File, Tab 1 at 9-20; ID at 7 n.2, 8-10.   Further, she appears to re-raise her claim that her first-level supervisor harassed her in retaliation for her disclosures.   PFR File, Tab 1 at 10, 18-19.   In cases involving multiple alleged protected disclosures and multiple alleged personnel actions, when the appellant makes a nonfrivolous allegation that at least one alleged personnel action was taken in retaliation for at least one alleged protected disclosure, she establishes

---

[7] Although the parties did not provide a copy of MCO 12771.3, we take administrative notice of its contents, which are available online at https://www.marines.mil/Portals/1/Publications/MCO%2012771.3.pdf.   5 C.F.R. § 1201.64 (providing that an administrative judge may take official notice of matters of common knowledge or matters that can be verified); *see Hessami*, 979 F.3d at 1369 n.5 (acknowledging that at the jurisdictional stage in an IRA appeal, the Board may consider matters subject to judicial notice) (citation omitted).

the Board's jurisdiction over her IRA appeal.  *Horton*, 106 M.S.P.R. 234, ¶ 14.  Therefore, we find it unnecessary to address these other alleged personnel actions.  Instead, as discussed below, we find that the Board lacks jurisdiction because the appellant failed to nonfrivolously allege that she made a protected disclosure.

The appellant failed to nonfrivolously allege that she made a protected disclosure regarding possible misapplication of FOIA exemptions.

¶14    Because the administrative judge determined that the appellant did not suffer a personnel action, she did not analyze whether the appellant made nonfrivolous allegations of a protected disclosure.  ID at 10 n.3.  Therefore, we address this issue here.

¶15    A protected disclosure is one that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  5 U.S.C. § 2302(b)(8); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 & n.3 (2013).  The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer in her position with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced any of the conditions set forth in 5 U.S.C. § 2302(b)(8).  *Mudd*, 120 M.S.P.R. 365, ¶¶ 5, 8.  Any doubt or ambiguity as to whether an appellant raised a nonfrivolous allegation of a reasonable belief should be resolved in favor of a finding that jurisdiction exists.  *Id*., ¶ 9.  Communications concerning policy decisions that lawfully exercise discretionary authority are not protected whistleblowing unless the employee reasonably believes that the disclosure evidences one of the categories of wrongdoing listed in section 2302(b)(8).  5 U.S.C. § 2302(a)(2)(D); *Webb v. Department of the*

*Interior*, [122 M.S.P.R. 248](#), ¶ 8 n.6 (2015); *O'Donnell v. Merit Systems Protection Board*, 561 F. App'x 926 (Fed. Cir. 2014).[8]

¶16    The appellant alleges that she disclosed an error in which FOIA exemption the agency should invoke in withholding an agency climate survey that was the subject of a FOIA request.  IAF, Tab 4 at 27.  As background, FOIA requires the disclosure of certain Government records and information unless they fall under one of nine exemptions.  [5 U.S.C. § 552](#)(a)-(b); Department of Justice Guide to the FOIA (DOJ Guide), Introduction at 1, 6 (Feb. 14, 2020), [https://www.justice.gov/oip/page/file/1248371/download](#).    The appellant disagreed with the agency's use of two of those exemptions, commonly known as exemptions 4 and 5.  Exemption 4 applies to "trade secrets and commercial or financial information obtained from a person and privileged or confidential." [5 U.S.C. § 552](#)(b)(4).  FOIA exemption 5 generally applies, in relevant part, to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." [5 U.S.C. § 552](#)(b)(5).

¶17    The appellant's duties included reviewing and responding to FOIA/PA requests, including determining whether any exemptions applied to the information and records being requested.  IAF, Tab 4 at 27-28, 85-87, 142.  She alleged below that, on September 16, October 21, and November 2, 2020, she emailed her first-level supervisor and other managers, questioning whether FOIA exemptions were being misapplied.  IAF, Tab 4 at 6-11, 27-28, 41-44, 97, 99-101. She also exhausted, at a minimum, her September 16 and November 2, 2020

---

[8] The Board may follow nonprecedential Federal Circuit decisions that it finds persuasive, as we do here.  *Dean v. Office of Personnel Management*, [115 M.S.P.R. 157](#), ¶ 14 (2010).

FOIA disclosures with OSC.[9]  IAF, Tab 4 at 236, 238-39, 249; PFR File, Tab 1 at 26.

¶18      The appellant's colleagues and first-level supervisor advised her that she should cite to exemptions 5 and 6, rather than to exemption 4, when explaining why the agency was not releasing the climate survey.  IAF, Tab 4 at 29-31.  The appellant alleged she disclosed to her first-level supervisor and other agency officials that, in essence, exemption 4, which covers commercial information, "had enough coverage" to permit withholding the requested climate survey.  *Id.* at 100.  She also disagreed with her supervisor that exemption 5 applied to certain portions of the survey, reasoning that exemption 5 concerned "letters or memoranda" and therefore did not include findings, reports, or surveys such as the climate survey.  *Id.* at 28, 100.  She has not alleged that she disclosed that the agency wrongfully withheld or intended to withhold information it was required to disclose under FOIA.  *Id.* at 27-28, 99-100.

¶19      The DOJ Guide makes clear that FOIA exemptions "describe specific categories of information that are protected from disclosure, and generally they are discretionary, not mandatory, in nature."  DOJ Guide, Introduction at 6.  The language of FOIA is consistent with this interpretation, as it provides that agencies "shall make available to the public" certain information but that this mandate "does not apply" to information subject to an exemption.  5 U.S.C. § 552(a)-(b); *see Chrysler Corp. v. Brown*, 441 U.S. 281, 290-94 (1979) (finding that the "language, logic, and history" of FOIA does not require an agency to withhold information that could be the subject of an exemption).  FOIA does not

---

[9] Although the appellant has not provided evidence that she specifically raised with OSC her October 21, 2020 disclosure, we find that by exhausting her September and November 2020 disclosures, she provided OSC with sufficient basis to pursue an investigation into her intervening alleged disclosure of the same wrongdoing.  *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (explaining that the substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation) (citations omitted).

require that an agency withhold information pursuant to an exemption. *Brown*, 441 U.S. at 291-93. To establish jurisdiction over her FOIA disclosure, the appellant must nonfrivolously allege that she reasonably believed it evidenced wrongdoing under 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 2302(a)(2)(D).

¶20      There is no indication in the record that the appellant is a lawyer. There are also several references in the record to the appellant being a "new hire" starting in approximately August 2020 and reflecting that she was in the process of learning how to respond to FOIA requests. IAF, Tab 4 at 22, 134, 150, 231-32. These factors favor a finding that the reasonable person in her position could believe that the misapplication of FOIA exemptions violated the statute. *See Mudd*, 120 M.S.P.R. 365, ¶ 9 (2013) (considering an appellant's lack of expertise and experience in legal matters in finding that she made a nonfrivolous allegation that the agency violated various laws, rules, and regulations). However, the appellant indicated that, upon starting in her new position, she read the DOJ Guide for "roughly three weeks . . . with a fine highlighter." IAF, Tab 4 at 7, 99, 236. She then relied on the DOJ Guide both in her disclosures and in her pleadings as the basis for her belief that FOIA exemptions were being misapplied. *Id*. at 9, 100. Because the appellant both stated and demonstrated her familiarity with the DOJ Guide, we find that she failed to nonfrivolously allege that a reasonable person in her position could have believed the agency violated the law by exercising its discretion to elect which exemptions to cite.

¶21      Similarly, in *O'Donnell*, the court concluded that a Federal employee could not reasonably believe that his supervisor's determination that a landowner was not eligible for Government assistance was a violation of the Conservation Reserve Program law. *O'Donnell*, 561 F. App'x at 930. The court reasoned that the law granted discretionary authority to the agency, and the appellant's supervisor was in charge of exercising that discretion. *Id.* Here, as in the case of the law at issue in *O'Donnell*, agencies generally have discretion to apply FOIA exemptions, provided they do not withhold information they are required to

release under FOIA.  Further, as the appellant acknowledged, her supervisor had the authority to determine whether to exercise that discretion.  IAF, Tab 4 at 8, 28, 94, 98.  Therefore, we find the appellant could not have reasonably believed that the agency's choice to rely on what she personally viewed as the incorrect FOIA exemption was a violation of law.

¶22    Lastly, the appellant's claim that in making her disclosure she primarily sought clarification from her supervisor about how the FOIA exemptions are applied further supports our finding that she did not reasonably believe that her disclosure evidenced the misconduct listed in section 2302(b)(8).  IAF, Tab 4 at 9, 27-28; *Webb*, 122 M.S.P.R. 248, ¶¶ 11-12 (finding that an appellant's emails to agency officials requesting clarification as to whether a proposed policy ran afoul of agency regulations did not constitute a disclosure of a violation of law, rule, or regulation).  Thus, we find that the appellant failed to nonfrivolously allege that her communications about the agency's misapplication of FOIA exemptions were protected disclosures.

### The appellant failed to nonfrivolously allege that she made a protected disclosure of harassment by her first-level supervisor.

¶23    On review, it is unclear whether the appellant re-raises her October 2020 disclosures of supervisory harassment.  However, she attaches her October 20, 2020 letter of caution, which reflects that she accused her supervisor of "borderline harassment and intimidation" earlier that month.  PFR File, Tab 1 at 42.  Interpreting this pro se appellant's petition for review in the light most favorable to her, we read her submission as re-raising this alleged disclosure.  *See Patterson v. U.S. Postal Service*, 71 M.S.P.R. 332, 335 (1996), *aff'd per curiam*, 106 F.3d 425 (Fed. Cir. 1997) (Table).  Because the administrative judge did not reach the issue of whether this disclosure was protected, we do so here.

¶24    The appellant alleged below that around October 2020, she disclosed that her first-level supervisor was harassing her by mistreating her, yelling at her, and acting dismissively toward her, which she claimed constituted an abuse of

authority. IAF, Tab 4 at 95, 105-09, 213, 225, 249; PFR File, Tab 1 at 26. The record reflects that in an October 1, 2020 email, the appellant told her first-level supervisor that she "notice[d] quite a few perceived eye-rolls from [her]" and "felt that [the appellant's] voice was not being heard, but dismissed," when giving her opinion during a meeting with her first-level supervisor the previous day. IAF, Tab 4 at 105, 108. On or about October 8, 2020, when directed by her supervisor to remove a personal quote from her official email signature block, the appellant emailed her supervisor that "this is not a dictatorship" and that she considered the incident "borderline harassment and intimidation." *Id*. at 95. Then, in a November 5, 2020 email, the appellant accused her supervisor of "ignor[ing] [her] feelings" and "dismiss[ing]" her "voice and concerns" by requiring the presence of the appellant's team lead at a meeting to review the appellant's cases, over the appellant's objections. *Id*. at 119, 218. She also discussed this disclosure and that she "objected to how [her] 'voice' and concerns were being publicly dismissed and silenced" in her response to OSC's preliminary determination. *Id*. at 218. The appellant further alleged to OSC that she had "raised concerns before of how [her first-level supervisor] . . . has abused and mistreated [her]" and "yelled and interrupted [her] . . . on numerous occasions." *Id*. at 213. The appellant appears to have exhausted this disclosure with OSC.

¶25        To constitute a nonfrivolous allegation, the allegation must be, as relevant here, more than conclusory. 5 C.F.R. § 1201.4(s)(1). A nonconclusory allegation of wrongdoing is one that sets forth specific facts that describe a facially plausible series of events. *See Hessami*, 979 F.3d at 1369-70 (explaining that the petitioner met the nonfrivolous pleading standard because, as relevant here, she "set forth specific facts supporting [her] beliefs of wrongdoing"); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014) (explaining that a disclosure of wrongdoing cannot be vague, but rather must be specific and detailed). To the extent that the appellant generally accuses her supervisor of ignoring her concerns

and yelling at, interrupting, harassing, intimidating, or dismissing her, these allegations fail to provide any specifics from which we can conclude a reasonable person would believe the actions involved constitute wrongdoing.

¶26     The appellant's assertion that she objected to her team lead being included in a case review meeting on one occasion is more specific. IAF, Tab 4 at 119. Supervisory harassment may amount to an abuse of authority. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 14 (2015). However, a reasonable person in the appellant's position, an employee admittedly learning her new duties from, among others, her team lead, could not believe that having her team lead attend a case review meeting was an abuse of discretion, gross mismanagement, or any other wrongdoing within the scope of whistleblower reprisal statutes. The statutory protection for whistleblowers is not a weapon in arguments over policy or a shield for insubordinate conduct. *Webb*, 122 M.S.P.R. 248, ¶ 8. The Board has found an employee's disagreement over job-related issues is insufficient to amount to a protected disclosure. *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 12 (2013); *see Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 22 (2005) (finding that an appellant's disclosure of his disagreement with the agency's decision to assign him clerical and other duties, allegedly wasting his time and expertise, failed to amount to a nonfrivolous allegation of gross mismanagement). Thus, we find that the appellant failed to nonfrivolously allege that she reasonably believed she was disclosing harassment that evidenced wrongdoing under 5 U.S.C. § 2302(b)(8).

The appellant failed to nonfrivolously allege that her remaining disclosure regarding lunch and other breaks was protected.

¶27     According to OSC's preliminary determination letter, the appellant also alleged in her OSC complaint that she disclosed that "improprieties were occurring regarding lunch breaks and related break policy interpretations." PFR File, Tab 1 at 26; IAF, Tab 4 at 233. It is not entirely clear if the appellant

sought to raise this alleged disclosure below. However, we address it on review because it is contained in OSC's preliminary determination letter, which she submitted for the first time on review. PFR File, Tab 1 at 26.

¶28　　This alleged disclosure appears to have arisen out of an instruction from the appellant's supervisor to the appellant in the October 20, 2020 letter of caution that the appellant "conform [her] emails and correspondence to standard language for such communications." PFR File, Tab 1 at 26; IAF, Tab 4 at 94, 233. As examples, the appellant's supervisor noted that the appellant had resisted a prior instruction to cease using the word "humbly" in her correspondence. *Id.* at 95. The letter also reflected that the appellant had responded to her supervisor instructing her to remove a personal quote from her signature block that "[she] would remove it from some emails but not all emails." *Id.*

¶29　　In an October 21, 2020 email to the Head of the Security Programs and Information Management Branch and another agency official, the appellant asserted that, when it came to writing emails, she had a right to "express [her] thoughts . . . [i]f it is not germane to the FOIA/PA office, or while [she was] on [her] lunch period, . . . as [she] see[s] fit." IAF, Tab 4 at 99. Assuming we have correctly interpreted this alleged disclosure, it is apparent that the supervisor's instruction was directed at agency communications to "requesters [and] record holders." *Id*. at 94-95. We discern no basis for a reasonable person in the appellant's position to believe that her supervisor was referring to personal communications. Further, we find that no reasonable person in the appellant's position could reasonably believe that her supervisor's instructions regarding the ministerial details of official communications evidenced agency wrongdoing. *See Francis*, [120 M.S.P.R. 138](#), ¶ 12; *Mc Corcle*, [98 M.S.P.R. 363](#), ¶ 22.

¶30　　Because the appellant has failed to raise a nonfrivolous allegation that she made a protected disclosure, it is unnecessary to determine whether she raised a nonfrivolous allegation that her disclosures were a contributing factor in a

personnel action. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-67 (Fed. Cir. 2000) (observing that the Board may find it lacks jurisdiction over an IRA appeal if any one of the jurisdictional prerequisites are not met). Therefore, we find that this IRA appeal must be dismissed for lack of jurisdiction.[10]

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[10] On review, the appellant makes a new disclosure regarding the misapplication of a FOIA exemption and alleges for the first time that, in retaliation for the instant Board appeal, her first-level supervisor subjected her to another personnel action, i.e., a September 17, 2021 letter of caution. PFR File, Tab 1 at 20-23, 44-48, 52. However, these incidents occurred after OSC issued its July 31, 2021 close-out letter. IAF, Tab 4 at 249-50. The appellant has not alleged or submitted evidence that she has exhausted her administrative remedies with OSC with respect to these matters, and therefore she has not met her jurisdictional burden.

The appellant also appears to argue that the administrative judge was biased against her because she rushed to dismiss the appeal without addressing many arguments the appellant raised, she did not thoroughly examine the appellant's evidence, and she insinuated that the appellant did not have permission to have a Bluetooth radio in her office. PFR File, Tab 1 at 4, 10, 22-23. The lack of permission for the Bluetooth radio was a concern in the alleged security investigation that the appellant alleged was a personnel action. IAF, Tab 4 at 52, 246. There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). We find that the appellant's arguments regarding the speed and thoroughness with which the administrative judge handled her claims, and any findings she made regarding the Bluetooth radio, fail to overcome this presumption of honesty and integrity.

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12] The court of appeals must <u>receive</u> your

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.