**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID A. ST. AMOUR, | DOCKET NUMBER |
| Appellant, | DE-0752-17-0339-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: July 10, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David A. St. Amour, Aurora, Colorado, pro se.

Brian J. Odom, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the nature of the appellant's noncompliance with the administrative judge's orders, we AFFIRM the initial decision.

## BACKGROUND

¶2 Effective June 20, 2017, the agency removed the appellant from his Maintenance Mechanic position based on a single charge of failure to be regular in attendance/absence without leave. Initial Appeal File (IAF), Tab 6 at 13-15, 18-22. The appellant filed the instant appeal of the agency's removal action, in which he raised affirmative defenses of disability discrimination and harassment based on perceived sexual orientation. IAF, Tab 1 at 3, 5. He also requested a hearing and elected to e-file. *Id.* at 2. The Board received no further submissions from the appellant before the initial decision's issuance.

¶3 The administrative judge issued a June 29, 2017 order setting forth the appellant's burden on his affirmative defenses and directing him to identify the factual bases for, and to submit evidence in support of, those defenses; however, it did not advise him that he could be sanctioned for failing to respond. IAF, Tab 3. On July 10, 2017, the administrative judge issued a hearing order, in which he scheduled a telephonic status conference for July 20, 2017. IAF, Tab 5. The hearing order did not notify the parties that they could be sanctioned for failing to appear at the status conference. *Id.* at 1.

¶4		The appellant did not respond to the affirmative defenses order. The administrative judge issued a show cause order on July 19, 2017, directing the appellant to file argument and evidence showing good cause why his appeal should not be dismissed for his failure to comply with the affirmative defenses order and notifying him that his appeal could be dismissed if he repeatedly failed to comply with Board orders. IAF, Tab 10 at 1. The following day, on July 20, 2017, the appellant failed to appear for the scheduled telephonic status conference. IAF, Tab 11 at 1. The administrative judge issued an order, observing the appellant's failure to appear at the status conference and warning him that his appeal would be dismissed for failure to prosecute if he did not respond to the show cause order by the July 21, 2017 deadline. *Id.*

¶5		On July 21, 2017, the appellant contacted the Denver Field Office and received guidance on using the Board's e-Appeal Online system to electronically file case-related documents. IAF, Tab 12 at 1-2. That same day, the administrative judge issued a confirming order, warning the appellant for a third time that his appeal would be dismissed for failure to prosecute if he did not respond to the show cause order that day. *Id.* at 1. As with all of the prior orders, the Board's e-Appeal Online system notified the appellant of its issuance via email because he registered as an e-filer. IAF, Tab 1 at 2, Tab 2 at 17, Tab 3 at 11, Tab 5 at 5, Tab 10 at 3, Tab 11 at 2, Tab 12 at 3. The appellant did not file a response.

¶6		After waiting a week without a response from the appellant, the administrative judge issued an initial decision on July 28, 2017, dismissing the appeal for failure to prosecute. IAF, Tab 13, Initial Decision (ID) at 1-3, 2 n.1. He determined that dismissal with prejudice was a justified sanction because the appellant failed to respond to the affirmative defenses order, the order to show cause, and the confirming order and did not appear at the status conference. ID at 2.

¶7    The appellant has filed a petition for review, which does not contain any argument or evidence.  Petition for Review (PFR) File, Tab 1, Tab 2 at 1.  The agency has not filed a response to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    The appellant's single filing on review fails to meet the criteria for a petition for review.  PFR File, Tab 1.  A petition for review must state a party's objections to the initial decision, including his legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations.  *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 6 (2015), *aff'd per curiam*, 640 F. App'x 864 (Fed. Cir. 2016); 5 C.F.R. § 1201.114(b).  Moreover, the record does not support a finding that the administrative judge abused his discretion in dismissing the appeal for failure to prosecute, given the appellant's repeated failures to comply with Board orders and to take any measures to pursue his appeal.

¶9    An administrative judge has the authority to order compliance with his orders and to enforce compliance through sanctions.  5 C.F.R. § 1201.43.  The administrative judge may impose such sanctions upon the parties as necessary to serve the ends of justice.  *Id.*  The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal.  *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 14 (2016), *aff'd per curiam*, 681 F. App'x 934 (Fed. Cir. 2017).  Imposing such a severe sanction should be used only when a party has failed to exercise basic due diligence in complying with Board orders or a party has exhibited negligence or bad faith in his efforts to comply.  *Id.*  Appellants are expected to comply with all orders issued by the Board's administrative judges.  *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007).  When an appellant completely fails to respond to any of the Board's orders, as here, the Board has found the sanction of dismissal appropriate.  *Turner*, 123 M.S.P.R. 640, ¶¶ 15-16.  Absent a showing of an abuse of discretion,

the Board will not reverse an administrative judge's determination regarding sanctions. *Id.*, ¶ 14.

¶10  The administrative judge based his dismissal for failure to prosecute on the appellant's failure to comply with the affirmative defenses order, the status conference order, the show cause order, and the confirming order. ID at 2. We modify the initial decision to find that the appellant's failure to participate in this appeal between the time he filed the initial appeal and his petition for review likewise is a valid basis for finding that he failed to prosecute his appeal. The appellant has not sought to explain this failure on review. PFR File, Tab 1.

¶11  Although the appellant initially may not have been on notice of the consequences for failing to respond, the show cause order, status conference summary, and confirming order all clearly and expressly apprised the appellant that his appeal would be dismissed for failure to prosecute if did not respond.[2] IAF, Tabs 10-12. Thus, the appellant was on notice of those possible sanctions before he failed to appear for the status conference and to respond to the show cause order.

¶12  There is no indication that the appellant failed to receive any of the administrative judge's orders. The Board served him a copy of each order by electronic mail, in accordance with his status as an e-filer. IAF, Tab 1 at 2, Tab 2 at 17, Tab 3 at 11, Tab 5 at 5, Tab 10 at 3, Tab 11 at 2, Tab 12 at 3; *see* 5 C.F.R. § 1201.14(j)(1) (explaining that email messages will be sent to e-filers, notifying them when the Board issues orders and containing links to the e-Appeal Online Repository where the documents can be viewed and downloaded, and that paper

---

[2] While, under 5 C.F.R. § 1201.43, the administrative judge must provide appropriate prior warning and allow a response to the actual or proposed sanction when feasible, that Board regulation does not mandate that an appellant be on notice of the possibility of sanction before failing to comply with an order for that noncompliance to serve as a reason justifying the sanction. The administrative judge warned the appellant no less than three times about possible sanctions and allowed him an opportunity to respond before dismissing the appeal with prejudice as a sanction for his noncompliance. IAF, Tabs 10-12.

copies of these documents ordinarily will not be served on e-filers). The appellant is deemed to have received the administrative judge's orders on the date of electronic submission.[3] *See Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 6 (2013); 5 C.F.R. § 1201.14(m)(2).

¶13    We recognize that the administrative judge had the discretion to issue lesser sanctions such as denying the appellant's affirmative defenses or, alternatively, drawing an inference in favor of the agency as to any information that the appellant failed to provide. *Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶¶ 14-15 (2009); *see* 5 C.F.R. § 1201.43(a)(1)-(2) (authorizing the administrative judge to infer in favor of the requesting party regarding the information sought or to prohibit the noncomplying party from introducing evidence on the information sought). However, we find that the administrative judge did not abuse his discretion by declining to impose those lesser sanctions. This is not a circumstance whereby the appellant merely has failed to respond to a single order or has provided an incomplete response. *See Turner*, 123 M.S.P.R. 640, ¶ 14 (explaining that a dismissal for failure to prosecute an appeal should not be imposed when a pro se appellant has given incomplete responses to the Board's orders but he has not exhibited bad faith or evidenced any intent to abandon his appeal, and appears confused by the Board's procedures); *Heckman*, 106 M.S.P.R. 210, ¶ 16 (explaining that failure to obey a single order does not

---

[3] The administrative judge afforded the appellant only 3 days to respond to the show cause order, which may not have been a sufficient amount of time to respond if the administrative judge had not also waited an additional week before issuing the initial decision. *See Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 11 (2008) (affording the appellant 2 days to respond to the show cause order did not allow sufficient time for the mailed order to be received by her and for her mailed response to be received); 5 C.F.R. § 1201.14(f) (providing that registered e-filers may elect to file pleadings by mail or other non-electronic means). If an appellant is not given enough time to respond, a subsequent untimely response does not necessarily evidence a lack of diligence or negligence. *Holland*, 108 M.S.P.R. 599, ¶ 11. Here, however, the appellant failed to submit any response below or on review explaining his failure to comply with the administrative judge's orders or providing the other requested information.

ordinarily justify dismissal for failure to prosecute). Rather, the appellant failed to participate in the proceedings below and does not explain on review why he did not respond to the administrative judge's orders or participate in the status conference. *See Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 7 (2015) (finding that, by not taking any steps to pursue her appeal until she filed her petition for review, despite being warned that her failure to participate may result in dismissing her appeal with prejudice, the appellant failed to exercise due diligence in pursuing her appeal). The appellant has failed to exhibit basic due diligence in complying with the administrative judge's orders or in pursuing his appeal.

¶14 Accordingly, we find that the administrative judge did not abuse his discretion in imposing the severe sanction of dismissal with prejudice, and we affirm the initial decision, except as expressly modified.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.