NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COREY DEMOND STOGLIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3215

---

Petition for review of the Merit Systems Protection Board in Nos. SF-3330-13-1464-B-1, SF-3330-13-1464-I-1.

---

Decided: January 13, 2016

---

COREY DEMOND STOGLIN, Minneapolis, MN, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Petitioner Corey Stoglin appeals the final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of subject matter jurisdiction. *See Stoglin v. Dep't of Air Force*, No. SF-3330-13-1464-B-1, 2015 WL 4166462 (M.S.P.B. July 9, 2015). For the reasons set forth below, this court affirms.

BACKGROUND

Mr. Stoglin applied for the position of Equal Employment Manager with the Hawaii Air National Guard ("HANG") that was announced under the authority set forth in 32 U.S.C. § 709 (2012).[1] After the Office of Personnel Management ("OPM")[2] referred its initial selection of eligible candidates to the HANG, it reevaluated whether awarding a veteran employment preference was appropriate because 32 U.S.C. § 709(g) precludes awarding veteran's preference. Resp't's App. 33–34; *see* 32 U.S.C. § 709(g) ("Sections 2108, 3502, 7511, and 7512 of title 5 do not apply to a person employed under this section."); 5 U.S.C. § 2108 (veteran's preference statute). Based on its reevaluation, OPM determined the job announcement was incorrect. Resp't's App. 33. As a result, OPM released "[a] new Vacancy Announcement . . . without mention of veteran's preference, and the pool of candidates was re-rated without veteran's preference." *Id.* at 34 (citation omitted). In January 2011, OPM notified Mr. Stoglin that his application was received, but that he was not among the best-qualified candidates and his name was not referred to the HANG for consideration.

---

[1]   The record does not disclose the date that Mr. Stoglin filed his application.

[2]   Mr. Stoglin stated in his Petition for Appeal that "OPM conducted a search on behalf of [the] [HANG]." Resp't's App. 11 (first alteration in original) (citation omitted).

In July 2013, Mr. Stoglin filed an appeal with the Board regarding his non-selection, which was construed as a claim under the Veterans Employment Opportunities Act of 1998 ("VEOA"). *See Stoglin v. Dep't of Air Force*, No. SF-3330-13-1464-I-1 (M.S.P.B. Dec. 6, 2013) (Resp't's App. 31–42). During an August 2013 telephonic conference call, Mr. Stoglin also suggested his appeal was a Uniformed Services Employment and Reemployment Rights Act ("USERRA") claim. Mr. Stoglin alleged "his veteran status [as a traditional reservist] should have given him a hiring preference, and because it was not applied, a nonveteran was hired instead." Resp't's App. 33.

Initially, an administrative judge within the Board determined that the Board did not have jurisdiction under the USERRA or the VEOA and dismissed Mr. Stoglin's appeal. *See generally id.* at 34–37. However, Mr. Stoglin sought review of the administrative judge's dismissal, and the Board granted his petition and remanded the case for further proceedings on Mr. Stoglin's USERRA claim.[3] *See Stoglin v. Dep't of Air Force*, No. SF-3330-13-1464-I-1 (M.S.P.B. Sept. 23, 2014) (Resp't's App. 21–30). The Board determined that, while Mr. Stoglin's allegations were conclusory, they were "sufficient to establish Board jurisdiction over his USERRA claim." Resp't's App. 29 (citation omitted).

On remand, the administrative judge granted the United States Department of the Air Force's ("Agency") motion to dismiss for lack of Board jurisdiction. *See Stoglin v. Dep't of Air Force*, No. SF-3330-13-1464-B-1 (M.S.P.B. Jan. 21, 2015) (Resp't's App. 8–20). The administrative judge determined that, "[a]lthough not raised in the [i]nitial [a]ppeal, the [A]gency's motion on [r]emand

---

[3]    Mr. Stoglin's VEOA claim was ultimately dismissed for being untimely filed. *See* Resp't's App. 23–28.

raises a fundamental question of whether [Mr. Stoglin's] USERRA claims concerning actions within the authority of the [HANG] . . . fall within the Board's jurisdiction or should properly be within the jurisdiction of the state court." Resp't's App. 11. In considering this question, the administrative judge quoted the applicable provision of USERRA, which states in relevant part that

> (A) Except as provided in subparagraphs (B) and (C), the term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including— . . . (ii) the Federal Government; (iii) a State; . . . (v) a person, institution, organization, or other entity that has denied initial employment in violation of section 4311.
>
> (B) In the case of a National Guard technician employed under section 709 of title 32, the term "employer" means the adjutant general of the state in which the technician is employed.

*Id.* at 11–12 (quoting 38 U.S.C. § 4303(4)(A), (B)). The administrative judge determined "under a plain reading of the statute, the USERRA claim by a National Guard Technician [] against the employing state agency is properly before the appropriate state court where the state agency is located." *Id.* at 12. Thus, Mr. Stoglin's "USERRA [claim] would properly be before the state courts of Hawaii, not the Board." *Id.*

Mr. Stoglin appealed the administrative judge's remand decision to the Board, which affirmed the administrative judge's dismissal for lack of jurisdiction over Mr. Stoglin's USERRA claim. *See Stoglin*, 2015 WL 4166462 at *2. The Board noted the position Mr. Stoglin applied for with the HANG "was advertised as a nondual status

position." *Id.* (citations omitted). It observed that "[t]he employment of such nondual status employees is authorized by 10 U.S.C. § 10217(a), and the incumbents are civilian employees." *Id.* (citing 10 U.S.C. § 10217(a)). The Board further noted that, "[a]lthough they are employees of the Department of Defense, and thus considered federal employees for most purposes, National Guard civilian technicians are considered state employees for USERRA purposes." *Id.* As a result, the Board held that Mr. Stoglin's "USERRA claim against the [HANG] [was] not properly before the Board and [] dismiss[ed] it for lack of jurisdiction." *Id.*

The Board found support for its conclusion in the United States Department of Labor's regulations that implement USERRA. It observed that "'[a] National Guard civilian technician is considered a State employee for USERRA purposes, although he or she is considered a Federal employee for most other purposes.'" *Id.* (alteration in original) (quoting 20 C.F.R. § 1002.306). The Board stated these regulations explain that "'[a]n action brought against a State Adjutant General, as an employer of a civilian National Guard technician, is considered an action against a State for purposes of determining which court has jurisdiction.'" Id. (alteration in original) (quoting 20 C.F.R. § 1002.305(d)). Thus, the Board concluded that "an action under USERRA against a state 'may be brought in a State court of competent jurisdiction according to the laws of the State.'" Id. (quoting 20 C.F.R. § 1002.305(b)).

Mr. Stoglin timely appealed. This court possesses jurisdiction to review the Board's final decision pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

"Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which we review *de novo*." *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999) (citation omitted). However, "we are bound by the [administrative judge's] factual determinations [that form the basis of the jurisdiction determination] unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (citations omitted).

II. The Board Did Not Possess Jurisdiction over Mr. Stoglin's USERRA Claim

Mr. Stoglin argues the "USERRA was not applied as liberally as Congress intended . . . [and the Board] failed to apply the law correctly and never addressed many of the issues of [his] case . . . ." Pet'r's Br. 1. Mr. Stoglin also contends the Board's decision failed to consider "[t]he fact that the adverse action taken by the [A]gency was a result of retaliation by an [A]gency official who violated USERRA." *Id.*

The Board did not err in its determination that it lacked jurisdiction to hear Mr. Stoglin's USERRA claims. As explained by the Board, the USERRA explicitly states "'[i]n the case of a National Guard technician employed under section 709 of [T]itle 32 [of the United States Code], the term 'employer' means the adjutant general of the State in which the technician is employed.'" *Stoglin*, 2015 WL 4166462 at *2 (first alteration in original) (quoting 38 U.S.C. § 4303(4)(B)). In Mr. Stoglin's case, the position he applied for with the HANG was announced "under the

authority set forth in 32 U.S.C. § 709," thus, the "employer" was the State Adjutant General of Hawaii. Resp't's App. 33; *see also id.* at 11 (discussing the job announcement submitted with Mr. Stoglin's Petition for Appeal to the Board).

This court has previously stated the procedure for "'[e]nforcement of [USERRA] rights with respect to a State or private employer' is set out in 38 U.S.C. § 4323, which provides for district court jurisdiction over actions against a state commenced by the United States, and state court jurisdiction over actions against a state commenced by a person." *Asatov v. Merit Sys. Prot. Bd.*, 595 F. App'x 979, 982 (Fed. Cir. 2014) (unpublished) (alterations in original). This court has also stated "[t]he National Guard federal regulations explain that '[a]n action brought against a State Adjutant General, as an employer of a civilian National Guard technician, is considered an action against a State for purposes of determining which court has jurisdiction.'" *Id.* (second alteration in original) (quoting 20 C.F.R. § 1002.305(d)).

Because Mr. Stoglin's claim is against the State Adjutant General of Hawaii, as the employer of civilian National Guard technicians, he must seek resolution of his claim in Hawaii state court. *See Asatov*, 595 F. App'x at 982 ("[T]he scheme of the National Guard Technicians Act is to create the technicians as nominal federal employees for a very limited purpose and to recognize the military authority of the states through their Governors and Adjutants General to employ, command and discharge them." (citation omitted)); 38 U.S.C. § 4323(b)(2).

## CONCLUSION

Because the Board properly determined that it did not possess jurisdiction over Mr. Stoglin's USERRA claims, we need not address his arguments as to the merits of his case. For the reasons set forth above, the final decision of

the Merit Systems Protection Board dismissing Mr. Stoglin's case for lack of subject matter jurisdiction is

**AFFIRMED**

COSTS

Each party shall bear its own costs.