**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY E. RAMIREZ,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
SF-0752-16-0747-I-1

DATE: July 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shari Hetzler, Albion, California, for the appellant.

Catherine V. Meek, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his demotion. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant has been employed with the agency since 1982. Initial Appeal File (IAF), Tab 8 at 36. Since March 2010, he has held the position of Postmaster, EAS-20, at the Lahaina Post Office in Hawaii. *Id*. In that position, he managed the operation of the post office. IAF, Tab 9 at 136.

¶3 In October 2015, the agency's Office of Inspector General began an investigation into a letter carrier after receiving a complaint that he was taking extended lunch breaks at his residence. *Id*. at 24. The investigation revealed that the carrier took lunch breaks at his home and then reported that he did not take lunch breaks to both the appellant, who was his second-level supervisor, and to his first-level supervisor. *Id*. at 74. Because the carrier and his first-level supervisor were in a relationship and shared a residence, she was not permitted to change his time and attendance records to reflect that he did not take a lunch break. IAF, Tab 8 at 122, Tab 9 at 4. However, the investigation revealed that she used the appellant's login credentials to make these changes. IAF, Tab 8 at 122. Despite the appellant's statements to the contrary, the agency concluded

that he deliberately provided his login credentials to the carrier's first-level supervisor. IAF, Tab 8 at 91, 93, Tab 9 at 17-18, 28, 97.

¶4    In February 2016, the agency proposed the appellant's reduction in grade and pay based on three charges: (1) unacceptable conduct; (2) negligent performance of duties; and (3) lack of candor. IAF, Tab 8 at 90-99. The agency sustained the charges and demoted the appellant to Supervisor of Customer Services, EAS-17, at the Wahiawa Post Office. *Id*. at 36, 74.

¶5    The appellant filed a Board appeal, alleging, among other things, that he was discriminated against because of his race and age and retaliated against for making disclosures protected under 5 U.S.C. § 2302(b)(8). IAF, Tabs 1, 15. At the appellant's request, the administrative judge cancelled the requested hearing. IAF, Tab 15. In her initial decision, the administrative judge sustained each of the agency's charges, though not all of the specifications; found that the appellant failed to prove his affirmative defenses; and concluded that the imposed penalty was within the bounds of reasonableness. IAF, Tab 26, Initial Decision (ID) at 5-22. The appellant has filed a petition for review, the agency has filed a response opposing the petition, and the appellant has filed a reply to the response. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The appellant argues that the agency was not forthcoming during discovery and requests that we sanction the agency for disregarding the administrative judge's orders. PFR File, Tab 1 at 1-2. Specifically, he refers to the administrative judge's order that the agency produce any information it had regarding other supervisory personnel in the Honolulu District who shared their time and attendance login credentials. *Id*. at 2; IAF, Tab 15 at 4, Tab 18 at 1. The appellant alleges that, on December 13, 2016, the agency responded to the administrative judge's order by stating: "After a diligent search, the Agency has no responsive documents in its possession, custody or control." PFR File, Tab 1

at 2. There was only one submission entered into the record on that date. IAF, Tab 20. Nowhere in that submission did the agency make such a statement.[2] *Id*. Nor has the appellant produced any other evidence demonstrating that the agency failed to be fully forthcoming in its response to the administrative judge's order. Accordingly, we deny the appellant's request for sanctions.

¶7    The appellant also questions the "validity" of an affidavit provided by the proposing official, wherein the proposing official purportedly stated that there were no other employees in the appellant's pay location who were treated differently from the appellant regarding being issued discipline for a similar infraction under similar circumstances. PFR File, Tab 1 at 1. An appellant's arguments and assertions in his petition for review must be supported by specific references to the record and any applicable laws or regulations. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 6 (2015), *aff'd per curiam*, 640 F. App'x 864 (Fed. Cir. 2016); 5 C.F.R. § 1201.114(b). The appellant failed to identify specific evidence in the record demonstrating that the proposing official made such a statement in an affidavit. Accordingly, we find the appellant's assertion unpersuasive.[3] *See Stoglin*, 123 M.S.P.R. 163, ¶ 6; 5 C.F.R. § 1201.114(b).

¶8    The appellant maintains that he "provided the [B]oard with two separate incidents in which passwords were shared" among the employees of the Makawao and Wailuku Post Offices, and contends that those employees were not disciplined because they were born in Hawaii. PFR File, Tab 1 at 1. The

---

[2] The agency did make the assertion in its October 13, 2016 response to the appellant's discovery request for a survey of agency employees asking whether they had allowed their credentials to be utilized by someone else "to complete a task, a report or log into a teleconference." IAF, Tab 13 at 20-21. The administrative judge then ordered the agency to respond to the request in the manner described above, though she did not require the agency to conduct a survey. IAF, Tab 15 at 4, Tab 18 at 1.

[3] It is unclear what remedy the appellant would ask this Board to grant him if we found his argument persuasive. PFR File, Tab 1 at 1.

appellant made this assertion below. IAF, Tab 19 at 2, Tab 21 at 1. Specifically, in one submission he stated that he was "attaching a signed statement from" an employee at the Wailuku Post Office that confirmed that supervisors shared their passwords. IAF, Tab 19 at 2. The appellant actually attached a summary of an interview of that employee, which the employee signed. *Id*. at 4-6. The summary specifies that the Wailuku employee indicated that he would have to use a supervisor's password, "[a]t the beginning," to run an end-of-day report. *Id*. at 4. The administrative judge noted that there was no evidence regarding how the Wailuku employee obtained his supervisor's password and found that the interview summary did not suggest that password sharing was an accepted practice. ID at 9. The Board will normally only consider whether an initial decision contains erroneous findings of material fact if, among other things, the petitioner explains why a challenged factual determination is incorrect and identifies specific evidence in the record that demonstrates the error. *Stoglin*, 123 M.S.P.R. 163, ¶ 6; 5 C.F.R. §§ 1201.114(b), 1201.115(a)(2). Because the appellant here has failed to do so, and we discern no error with the initial decision in this respect, we affirm the administrative judge's findings.

¶9        The appellant avers that he has new evidence concerning his claim of discrimination based on national origin. PFR File, Tab 1 at 1. Specifically, he states that an EAS-20 Postmaster and EAS-17 Supervisor in Kapaa—who are both native Hawaiian—were charged with sharing confidential login information but only received letters of warning. *Id*. For another employee to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment he must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012). The proposed letters of warning issued to the appellant's purported comparators allege that they, like the appellant, shared confidential login information. PFR File, Tab 3

at 11-16. However, they were not also charged, as the appellant was, of lacking candor in statements made to Special Agents with the Office of Inspector General. IAF, Tab 8 at 91. Accordingly, because the appellant engaged in additional, and significant, misconduct, we find that these employees are not similarly situated to him.[4] *See Ly*, 118 M.S.P.R. 481, ¶ 10.

¶10    The appellant also references his belief that he was retaliated against for reporting the proposing official's violation of agency policy to the agency's headquarters. PFR File, Tab 1 at 2. However, he has failed to explain why we should reverse the administrative judge's findings that he failed to prove his affirmative defense, or identify specific evidence in the record demonstrating that the administrative judge erred. ID at 17-20; PFR File, Tab 1 at 1-3. Accordingly, because we discern no error with the initial decision in this respect, we affirm the administrative judge's findings. *See Stoglin*, 123 M.S.P.R. 163, ¶ 6; 5 C.F.R. §§ 1201.114(b), 1201.115(a)(2).

¶11    Finally, in his reply to the agency's response to the petition for review, the appellant asserts that the agency might have additional evidence regarding another possible comparator at the Wailuku Post Office. PFR File, Tab 4 at 1-2. A reply to a response to a petition for review is limited to the factual and legal issues raised by another party in the response to the petition for review, and may not raise new allegations of error. 5 C.F.R. § 1201.114(a)(4). Accordingly, to the extent that the appellant raises a new allegation of error, we decline to

---

[4] The appellant does not otherwise challenge the administrative judge's findings that he did not prove that his race, national origin, or age was a motivating factor in the agency's decision to demote him. ID at 14-17. Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding these claims, we do not reach the question of whether the appellant's race, national origin, or age was a "but-for" cause of the demotion action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31.

consider it. For the reasons set forth above, we affirm the initial decision and uphold the appellant's reduction in pay and grade.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] The appellant has filed a petition for review of another initial decision, which dismissed his appeal of his suspension for lack of jurisdiction. *Ramirez v. U.S. Postal Service*, MSPB Docket No. SF-0752-16-0743-I-1. The Board will issue a separate final decision in that appeal.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative

receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised

claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]   The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

11

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               /s/ for
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.