# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICHARD A. ESPINOZA, <br>         Appellant, | DOCKET NUMBER <br> DE-0843-21-0125-I-1 |
| v. | |
| OFFICE OF PERSONNEL <br>   MANAGEMENT, <br>         Agency. | DATE: December 22, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Richard A. Espinoza, Arvada, Colorado, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the decision of the Office of Personnel Management (OPM) denying him death benefits. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On February 22, 2021, the appellant filed an appeal challenging a decision by OPM that he was not entitled to a lump sum benefit based on the Federal service of his late father. Initial Appeal File (IAF), Tab 1 at 4. On the appeals form, the appellant answered "no" in response to the question that asked if he had received a final decision from OPM. *Id.* at 3. In a Jurisdiction Order, the administrative judge explained that, with limited exceptions, the Board has jurisdiction over retirement matters only after OPM has issued a final decision after a request for reconsideration of an initial decision. IAF, Tab 3 at 2. The administrative judge advised the appellant that, if OPM has not yet issued a final decision, the Board lacks jurisdiction over the matter and he would have to request reconsideration, wait for a final decision from OPM, and then file a Board appeal. *Id.* at 2-3. However, the administrative judge ordered that, if the appellant believed that the Board has jurisdiction over his appeal, he must file evidence and argument showing that the matter is within the Board's jurisdiction, and, if he was attempting to appeal an OPM final decision, he should provide a copy. *Id.* at 3. The appellant did not respond.

In an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 4, Initial Decision at 1, 3-4.

## ANALYSIS

With his petition for review, the appellant has submitted, inter alia, a copy of OPM's February 1, 2012 final decision finding him ineligible to receive a lump sum benefit based on his late father's death. Petition for Review (PFR) File, Tab 2 at 6.

As the administrative judge correctly found, the Board generally lacks jurisdiction over a retirement appeal when OPM has not issued a reconsideration

decision or final decision on the matter. *See, e.g., Sims v. Office of Personnel Management*, 94 M.S.P.R. 102, ¶ 10 (2003). While the record below failed to show that OPM had issued such a decision, the record on review establishes that OPM had, in fact, issued the required final decision. PFR File, Tab 2 at 6. Because OPM's final decision establishes jurisdiction and was in effect throughout the time the appeal was pending below, the proper remedy is to remand the appeal to the field office for adjudication on the merits.[2] *Moorer v. Office of Personnel Management*, 104 M.S.P.R. 609, ¶ 10 (2007).

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

*Jennifer Everling*

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.

_____

[2] We note that OPM had already issued its final decision before the appellant filed his appeal, and although he referred to it in his appeal, IAF, Tab 1 at 3, he did not submit it until he filed his petition for review. However, it is relevant to the issue of the Board's jurisdiction, a matter that may be raised at any time during the Board proceedings, and therefore, it is appropriate to consider it. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016).