# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VALONDA DURANT,
              Appellant,

    v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
AT-0752-18-0622-I-1

DATE: June 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronica Scales, Esquire, and Shaun Southworth, Esquire, Atlanta, Georgia,
    for the appellant.

Jason L. Hardy, Esquire, Clearwater, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement and clarify the administrative judge's analysis of the appellant's Title VII discrimination claims, we AFFIRM the initial decision.

## BACKGROUND

The appellant was the Supervisor of Distribution Operations at the Ybor City Processing and Distribution Center in Ybor City, Florida. Initial Appeal File (IAF), Tab 5 at 45. On May 10, 2018, the agency proposed her removal based on the following charges: (1) unacceptable conduct when, on March 12, 2018, she wore headphones on the workroom floor and verbally attacked her manager (Manager 1) and, on March 20, 2018, she screamed and swore at another manager (Manager 2) and referred to the Plant Manager as a "fat ass" (4 specifications); (2) absence without leave for 2 days in March 2018 (1 specification); and (3) failure to follow instructions when, after Manager 1 instructed her to remove her headphones on March 12, 2018, she refused to do so, she refused Manager 2's instruction to review and sign two leave request forms on March 20, 2018, and she refused to attend an investigative interview on March 22, 2018, regarding the behavior at issue here (3 specifications). *Id*. at 28-33. On July 17, 2018, the agency issued a decision letter on its proposed removal, sustaining the unacceptable conduct and failure to follow instructions charges and finding that

removal was an appropriate penalty. *Id*. at 16-22. The deciding official did not sustain the absence without leave charge. *Id*. at 16.

The appellant filed this appeal of her removal. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming the removal. IAF, Tab 34, Initial Decision (ID) at 1, 15. He found that the agency proved both charges. ID at 3-9. He further found that the agency's action promoted the efficiency of the service, and that removal was a reasonable penalty for the sustained charges. ID at 9-12. The administrative judge also concluded that the appellant did not prove her affirmative defenses of discrimination on the basis of gender, sexual orientation, and race, and reprisal for prior equal employment opportunity (EEO) activity. ID at 13-14.

The appellant has timely filed a petition for review, challenging the administrative judge's finding that the agency proved its charge of unacceptable conduct. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge made proper credibility findings based on the hearing testimony and record evidence.</u>

In sustaining the charges, the administrative judge credited the testimony of the agency witnesses, who testified as to the conduct underlying the appellant's removal, over the appellant's denials. ID at 3-9. On review, the appellant disputes the credibility-based findings of the administrative judge regarding the unacceptable conduct charge. PFR File, Tab 1 at 5. For the following reasons, we do not agree with the appellant's arguments.[2]

---

[2] The appellant does not challenge the administrative judge's finding that the agency proved the failure to follow instructions charge on review. PFR File, Tab 1 at 5. Although she generally disagrees that she failed to remove her headphones as instructed on March 12, 2018, she provides no evidence or argument related to her assertion. *Id*. We find that the appellant's contention constitutes mere disagreement with the administrative judge's reasoned and explained findings. *See Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 6 (2015) (explaining that a petition for review must

The Board must give deference to an administrative judge's credibility determinations when they are based explicitly or implicitly on the observations of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge correctly resolved the credibility determinations in accordance with the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).[3] He identified the factual questions in dispute, summarized the agency's charges, and then analyzed the evidence and testimony that the parties offered with respect to the charges. ID at 3-7. For each specification of the unacceptable conduct charge, as discussed below, the administrative judge stated that he believed the testimony of the agency's witnesses over that of the appellant, and explained why he found the appellant's testimony less credible.[4] *Id.*

state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations), *aff'd per curiam*, 640 F. App'x 864 (Fed. Cir. 2016). Accordingly, we discern no basis to disturb the administrative judge's finding that the agency proved this charge. We also discern no reason to disturb the administrative judge's findings that the agency proved nexus between the sustained charges and the efficiency of the service, and that removal was a reasonable penalty. ID at 9-12. The appellant does not contest these findings. PFR File, Tab 1 at 5.

[3] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as (1) the witness's opportunity and capacity to observe the event or act in question; (2) her character; (3) any prior inconsistent statement by the witness; (4) her bias, or lack of bias; (5) the contradiction of her version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of her version of events; and (7) her demeanor. *Hillen*, 35 M.S.P.R. at 458.

[4] The hearing was held via video teleconference on October 23, 2018. ID at 1; IAF, Tabs 28-29. A supplemental hearing was conducted via telephone on November 2, 2018, and the only testimony provided was supplemental testimony from the deciding official. ID at 1; IAF, Tab 31. The administrative judge only relied on this supplemental testimony in his penalty analysis, which the parties do not challenge on review. ID at 10-11. Thus, for purposes of determining whether the agency proved its charges, the administrative judge's demeanor-based findings are entitled to deference.

Regarding the first specification, the agency alleged that, on March 12, 2018, the appellant wore headphones on the workroom floor in violation of agency policy. IAF, Tab 5 at 28. As to the second specification, the agency alleged that, after Manager 1 instructed the appellant to remove her headphones, she verbally attacked him by stating, "[y]ou look like a b----, you smell like a b---- and you act like a b----," or words to that effect. *Id*. at 28-29. In sustaining these two specifications of the unacceptable conduct charge, the administrative judge made explicit demeanor-based credibility determinations and credited Manager 1's testimony over the appellant's testimony. ID at 3-6.

On review, the appellant alleges that the administrative judge erred in finding that she wore headphones on the workroom floor and that, contrary to the administrative judge's findings, her demeanor-based testimony at the hearing "showed she was telling the truth." PFR File, Tab 1 at 5. She further alleges that the second specification is inherently unbelievable "because it is made up and people do not talk like that." *Id*. We have considered the appellant's arguments, but we find that they do not constitute a sufficiently sound reason to overturn the administrative judge's demeanor-based credibility determinations. *See Haebe*, 288 F.3d at 1301.

The appellant also alleges that the administrative judge failed to consider that Manager 1 had previously harassed her, was biased, and had fabricated the charge. PFR File, Tab 1 at 5. However, contrary to the appellant's assertions on review, the administrative judge did make findings on these issues. ID at 6 n.3. Specifically, he found that Manager 1 did not call the appellant a racial epithet and that the appellant fabricated this allegation to deflect from her own wrongdoing. *Id*. In making this finding, the administrative judge made credibility determinations based on the appellant's testimony, compared her testimony to her own prior inconsistent statements, and considered that her

*See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 21 n.9 (2015) (finding that the Board must defer to an administrative judge's demeanor-based credibility findings related to testimony given during a videoconference hearing).

testimony was contradicted by the record evidence and other witnesses. ID at 13-14, n.7; *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (explaining that the Board generally must defer to an administrative judge's credibility findings made after holding a hearing, even if demeanor was not explicitly discussed). Thus, the administrative judge considered the appellant's argument regarding Manager 1's alleged bias below and we find that the appellant has not provided a sufficiently sound reason to disturb the administrative judge's credibility determinations on review. *See Haebe*, 288 F.3d at 1301.

For the third and fourth specifications, the agency alleged that, on March 20, 2018, the appellant screamed and swore at Manager 2 and referred to the Plant Manager as a "fat ass." IAF, Tab 5 at 28. In sustaining these two specifications, the administrative judge credited the testimony of the agency's witness, an Administrative Clerk, who testified that she observed the conduct as charged. ID at 6-7. The administrative judge found the Administrative Clerk's testimony "forthright and unambiguous." ID at 7. However, he did not credit the appellant's testimony due to the inconsistency between her oral reply, during which she flatly denied the alleged conduct, and her testimony at the hearing, during which she stated she did not remember. *Id*.

On review, the appellant appears to dispute the administrative judge's findings as to specification 4. In particular, she asserts that she testified that she did not make the alleged statements and argues that the agency's documentation in support of this claim is insufficient. PFR File, Tab 1 at 5. However, her argument is not supported by her hearing testimony, in which she testified that, on March 20, 2018, she was upset and did not remember making the statements as charged by the agency. IAF, Tab 28, Hearing Compact Disc (testimony of the appellant). Further, in addition to the testimony of the Administrative Clerk, the record also includes her statement, completed just 7 days after the incident, corroborating that the appellant made the alleged comment. IAF, Tab 5 at 37.

Notes from an agency interview with the Administrative Clerk contain the same information. *Id*. at 38. Thus, the appellant's arguments on review amount to mere disagreement with the administrative judge's well-reasoned findings, and they do not provide a basis for reversal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>We modify the administrative judge's analysis of the appellant's Title VII claims.</u>

The appellant asserted as affirmative defenses that her removal was the result of gender, sexual orientation, and race discrimination, and retaliation for filing EEO complaints. IAF, Tab 1 at 3, Tab 17 at 4-5. To prove an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, the appellant must prove by preponderant evidence that the prohibited consideration was at least a motivating factor in the contested personnel action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30.

The administrative judge found that the appellant did not meet her burden of proving her gender, sexual orientation, and race discrimination affirmative defenses. ID at 13-14. He also found that, while it was uncontested she had filed two prior EEO complaints, she did not meet her burden of proving that her removal was in reprisal for filing those complaints. ID at 13. In considering these claims, the administrative judge properly cited the Board's decision in *Savage v. Department of the Army*, 122 M.S.P.R 612 (2015), *overruled in part by Pridgen*, 2022 MSPB 31, ¶¶ 23-25. ID at 13; IAF, Tab 22 at 3-5. However, in analyzing the appellant's claims, the administrative judge did not identify the applicable standard of causation. Nevertheless, despite not identifying the standard of causation, the administrative judge made pertinent findings of fact and concluded that the appellant provided insufficient evidence to raise an

inference of discrimination or retaliation. ID at 13-14. The administrative judge's conclusion, supported by the record and unchallenged on review, is tantamount to a finding that the appellant did not prove that discrimination or retaliation was a motivating factor in her removal. We modify the initial decision accordingly.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.