**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHIOMA MARIELLEN EZEUGWU, Appellant, | DOCKET NUMBERS CH-3443-25-0275-I-1 CH-3443-25-0365-I-1 CH-3443-25-1118-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, Agency. | DATE: March 31, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chioma Mariellen Ezeugwu, Bettendorf, Iowa, pro se.

Trenton Jack Bowen, Keyport, Washington, for the agency.

Kristin Roberts, Washington Navy Yard, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed petitions for review of the initial decisions, which dismissed her appeals of various agency actions for lack of jurisdiction. On petition for review, the appellant argues that the administrative judge erred in dismissing her appeals for lack of jurisdiction, and she asserts that she has

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

irrefutable and overwhelming evidence demonstrating the agency's alleged malicious and unlawful campaign of retaliation and discrimination, culminating in a de facto termination and preceded by a clear constructive suspension. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, we JOIN these appeals[2] and conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.

---

[2] Joinder of two or more appeals filed by the same appellant may be appropriate when joinder would expedite processing of the appeals and would not adversely affect the interests of the parties. *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 14 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); 5 C.F.R. § 1201.36(a)(2), (b).  We find that these appeals meet the regulatory criteria, and therefore, we join them.

Therefore, we DENY the petitions for review[3] and AFFIRM the initial decisions, which are now the Board's final decision in each appeal. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[3] With her petitions for review, the appellant submits documents and emails regarding her equal employment opportunity and Office of Inspector General complaints, among other things. *Ezeugwu v. Department of the Navy*, MSPB Docket No. CH-3443-25-0275-I-1, Petition for Review (0275 PFR) File, Tab 1 at 7-29, Tab 2 at 12-24; *Ezeugwu v. Department of the Navy*, MSPB Docket No. CH-3443-25-0365-I-1, Petition for Review (0365 PFR) File, Tab 1 at 7-29, Tab 2 at 12-24; *Ezeugwu v. Department of the Navy*, MSPB Docket No. CH-3443-25-1118-I-1, Petition for Review (1118 PFR) File, Tab 1 at 7-29, Tab 2 at 12-24. We need not address this evidence because most, if not all, of these documents are not new and, in any event, are not material to the outcome of the three appeals. *Ezeugwu v. Department of the Navy*, MSPB Docket No. CH-3443-25-0275-I-1, Initial Appeal File, Tab 15; *Ezeugwu v. Department of the Navy*, MSPB Docket No. CH-3443-25-0365-I-1, Initial Appeal File, Tab 11; *Ezeugwu v. Department of the Navy*, MSPB Docket No. CH-3443-25-1118-I-1, Initial Appeal File, Tab 9; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (concluding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

Additionally, the appellant filed numerous motions to submit additional pleadings. 0275 PFR File, Tabs 2-3, 6, 8, 14, 17, 19, 23, 26, 28, 32; 1118 PFR File, Tabs 2-3, 6, 8, 14, 17, 19, 23, 26, 28, 32; 0365 PFR File, Tabs 2-3, 6, 8, 15, 17, 21, 24, 26, 30. When the record has closed on review, the Board will not accept any additional evidence or argument unless the party seeking to submit the new evidence or argument shows it is new and material. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 5 n.3 (2015), *aff'd per curiam*, 640 F. App'x 864 (Fed. Cir. 2016); 5 C.F.R. § 1201.114(k). To be material, the appellants submissions must be of sufficient weight to warrant a different outcome. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant has not shown that some of the evidence she seeks to submit is new or that the remaining evidence would address the jurisdictional issues. Therefore, she has not shown that the evidence is material to our determination, and we deny her motions for leave to submit additional pleadings. We also deny her various motions to strike, to compel discovery, for sanctions, for a prehearing conference, for a temporary stay of

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

---

the proposed removal, for summary judgment, to strike, and to compel discovery. Some of the appellant's claims are irrelevant or outside the scope of this proceeding. Her claims regarding whistleblower reprisal and her performance-based removal are before the Board in other appeals.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.