## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICIA A. EADDY,
      Appellant,

     v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
DC-0831-20-0558-I-1

DATE: July 26, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Patricia A. Eaddy</u>, Temple Hills, Maryland, pro se.

<u>Karla W. Yeakle</u> and <u>Maureen Ann Kersey</u>, Washington, D.C., for the
  agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of Board jurisdiction her appeal of the initial decision of the Office of Personnel Management (OPM) denying her challenge to her Civil

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Service Retirement System (CSRS) disability annuity computation. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant filed an appeal challenging what she described as a number of errors related to her Civil Service Retirement System (CSRS) disability annuity computation. Initial Appeal File (IAF), Tab 1 at 1-9. The appellant provided several attachments with her initial appeal, including an initial decision from OPM dated January 21, 2020, denying her request challenging her CSRS annuity computation. *See id.* at 47. The administrative judge issued an acknowledgment order stating that the Board may not have jurisdiction over her appeal, noting that the appellant had not provided evidence demonstrating that OPM had issued a final or reconsideration decision regarding her claim. IAF, Tab 2 at 2-3. Consequently, the administrative judge ordered the appellant to provide evidence and argument establishing Board jurisdiction over her appeal, and provided the agency with the opportunity to file a response to the appellant's jurisdictional filing. IAF, Tab 2 at 2-3. Both the appellant and the agency failed to respond to the order. The administrative judge subsequently issued an initial decision, dismissing the appeal for lack of jurisdiction because the appellant failed to show that OPM had issued a reconsideration decision in her case. IAF, Tab 3, Initial Decision (ID).

The appellant timely filed a petition for review alleging that the administrative judge misidentified her former employing agency and that she had provided a copy of OPM's reconsideration decision with her initial appeal filing, and restating her claim that there are uncorrected errors in her retirement record. Petition for Review (PFR) File, Tab 3 at 1-2. The appellant also provided a copy of a reconsideration decision from OPM dated April 30, 2020, regarding her

challenge to her CSRS annuity computation. *Id.* at 4-6. The agency filed a response requesting that the petition for review be denied, or in the alternative, that the appeal be remanded to the regional office for further adjudication. PFR File, Tab 6 at 4-5. The appellant did not file a reply to the agency's response.

The Board generally has jurisdiction to review an OPM determination affecting an appellant's rights or interests under a retirement system only after OPM issues a final or reconsideration decision. *Tatum v. Office of Personnel Management*, 82 M.S.P.R. 96, ¶ 7 (1999); *see* 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110. An appellant bears the burden of establishing Board jurisdiction over an appeal contesting an OPM reconsideration decision by preponderant evidence.[2] *Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 7 (2015); 5 C.F.R. § 1201.56(b)(2)(i)(A).

Despite the appellant's assertion on review that she provided a copy of OPM's reconsideration decision with her initial appeal, *see* PFR File, Tab 3 at 1-2, at the time the appellant filed this appeal OPM had not yet issued a reconsideration decision, *see* IAF, Tab 1 at 1. However, 9 days after the appellant filed her Board appeal, OPM issued its April 30, 2020 reconsideration decision, a copy of which the appellant provided with her petition for review. *See* PFR File, Tab 3 at 4. Thus, although the appeal was premature at the time the appellant filed it, the appeal had become ripe for adjudication after OPM issued its reconsideration decision, before the administrative judge issued the initial decision dismissing the appeal for lack of jurisdiction. *See id.*; ID at 1, 3. The issue of jurisdiction is always before the Board and may be raised at any time. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016). Additionally, in circumstances where an appeal was premature when it was filed but became ripe while pending with the Board, the Board's practice is to adjudicate such appeals. *See Simnitt v.*

---

[2] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

*Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 9 (2010) (noting that the Board will adjudicate an appeal that was premature when it was filed but became ripe while pending with the Board); *Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 516, ¶ 7 (2009) (same). Although the appellant failed to respond to the administrative judge's May 5, 2020 acknowledgment order, OPM had issued a reconsideration decision at the time the acknowledgment order was issued, and therefore this appeal was within the Board's jurisdiction and ripe for adjudication at that time.

## ORDER

For the reasons discussed above, we vacate the initial decision and remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.