**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LISA S. BECK,

        Appellant,

      v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
PH-315I-20-0426-I-1

DATE:  October 23, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Lisa S. Beck</u>, Darlington, Maryland, pro se.

<u>Jeffrey M. Gott</u>, Aberdeen Proving Ground, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

¶2      Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust her administrative remedies with the Office of Special Counsel (OSC) before seeking corrective action from the Board. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). An appellant filing an IRA appeal has not satisfied the exhaustion requirement unless she has filed a complaint with OSC and either OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010).

¶3      The administrative judge dismissed the appeal for lack of jurisdiction based on the appellant's failure to exhaust her administrative remedies before OSC, concluding that her IRA appeal was premature because she had not provided a letter from OSC stating that it was terminating its investigation into her allegations and 120 days had not elapsed since she filed her complaint with OSC. Initial Appeal File (IAF), Tab 12, Initial Decision at 1-2. However, with her petition for review, the appellant has provided a copy of a preliminary determination letter from OSC dated September 10, 2020, summarizing her complaint and stating that OSC planned on taking no further action on her complaint. Petition for Review (PFR) File, Tab 1 at 11-14. The preliminary determination letter provided the appellant until September 23, 2020, to submit additional information for consideration and stated that OSC intended to close the case and notify the appellant of any additional rights she might have after that date. *Id.* at 14. Although the appellant has not submitted any further evidence to indicate that OSC has since terminated its investigation, 120 days have now elapsed since she filed her complaint with OSC. Additionally, the issue of jurisdiction is always before the Board and may be raised at any time. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016). Because 120 days have now elapsed since the appellant

filed her OSC complaint, her appeal is ripe for adjudication, and the Board's practice in such cases is to remand the case to the appropriate regional or field office for adjudication. *See Simnitt*, 113 M.S.P.R. 313, ¶ 9; *Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 516, ¶ 7 (2009).[2]

## ORDER

¶4     Accordingly, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:     _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[2] Following the issuance of the initial decision in this case, and while this appeal was pending before the Board on petition for review, on March 31, 2021, the appellant filed a second Board appeal challenging the same personnel action and provided the same September 10, 2020 OSC preliminary determination letter she included with her petition for review in this case as proof of exhaustion of that claim. PFR File, Tab 1 at 11-14; *Beck v. Department of the Army*, MSPB Docket No. PH-1221-21-0180-W-1, Initial Appeal File (0180 IAF), Tab 1 at 15-18. The administrative judge assigned to that appeal subsequently issued an initial decision dismissing the appeal as untimely, and that decision became final when neither party filed a petition for review. *Beck v. Department of the Army*, MSPB Docket No. PH-1221-21-0180-W-1, Initial Decision at 1-3 (May 3, 2021); 0180 IAF, Tab 8. Because the subsequent appeal was dismissed on timeliness grounds instead of jurisdictional grounds, and because the instant appeal is now ripe for adjudication, it remains appropriate to remand the instant appeal for adjudication as a timely filed IRA appeal.